12095.   WADDELL *et al. v.* WARD *et al.*

The ordinary's order for removal of the fence which closed the alleged private way was not authorized by the evidence.

DECIDED APRIL 13, 1921.

Certiorari; from Decatur superior court — Judge Wilson. December 31, 1920.

*W. V. Custer,* for plaintiffs in error.

*Hartsfield & Conger,* contra.

PER CURIAM. This case arose upon a petition to the ordinary to require the defendants to remove obstructions for an alleged private way. The evidence shows that the defendants were the owners of certain lands and to the run of a creek over which people in the community had been traveling to reach the creek for picnicking, fishing, bathing, and for the purpose of baptizing

converts of several churches in the neighborhood. The evidence shows that several of the plaintiffs had leased this way from the owners but that the lease had expired before this proceeding was begun. The evidence further showed that in addition to this short alleged private way, there was a public road which reached the creek a short distance from the particular point at which the alleged private way touched the creek. It appeared from the evidence that the owners of the land fenced up this alleged private way into their enclosed lands, for the purpose of keeping their stock from running at large. It further appeared from the evidence that this alleged private way had been used from 15 to 25 years for the purposes hereinbefore set out. The ordinary, on the trial of this issue, passed an order requiring the removal of the fence which closed the alleged private way. The defendants presented to the judge of the superior court a petition for certiorari, which he sanctioned, and upon the answer of the ordinary, which adopted the petition for certiorari as true, the judge overruled and denied the certiorari. Error is assigned on this judgment.

An examination of the evidence does not show that the plaintiffs were entitled to have removed, by order of court, the obstructions from the alleged private way. There was no evidence which implied a gift or a dedication to the public of the land over which this alleged private way ran. In fact, the leasing of it by certain of the plaintiffs indicated that no prescriptive rights had accrued to the public. The creek, which was used for fishing and bathing, and as a baptizing place, certainly could have been fenced, and the very use which the plaintiffs claimed they had for it would have been defeated. It appeared, from the evidence, that there were other places on the creek which could be used for fishing, bathing, and baptizing. There was also a public road which reached the creek a short distance from the particular point. In connection with what we have here held, see *Ga. R. &c. Co.* v. *City of Atlanta*, 118 *Ga.* 486 (45 S. E. 256). In addition to what we have said, the evidence did not show that the alleged private way was not over 15 feet wide. It follows that it was error to overrule the certiorari.

*Judgment reversed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*